UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

SHAPIRO, CROLAND, REISER
APFEL & DI IORIO, LLP
411 Hackensack Avenue
Hackensack, NJ 07601
Tel: (201) 488-3900
Attorneys for Defendant, Jon Horwich

In Re:

PLAYMORE, INC.,

        Debtor.

CHARLES M. FORMAN, TRUSTEE,

        Plaintiff,

v.

JON HORWICH,

        Defendants.

Chapter 7

Case No. 08-23720 (NLW)

Adv. Pro. No. 10-02047 (NLW)

**ANSWER**

Jon Horwich, by way of answer to the complaint, says:

## BACKGROUND

1. The allegations of paragraph 1 are admitted.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

172857-1

## JURISDICTION

6. The allegations of paragraph 6 set forth a legal conclusion to which no response is required and, to the extent a response is required, the allegations are denied.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 are admitted.

## ALLEGATIONS

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

12. As to the allegations of paragraph 12, reference is made to the Settlement Agreements for their terms.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 14.

15. As to the allegations of paragraph 15, it is admitted that debtor borrowed funds from Signature Bank in 2007 and the remaining allegations are denied.

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 set forth a legal conclusion to which no response is required. To the extent that the allegations set forth any factual allegations, they are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

## COUNT I

23. Defendant repeats and realleges each and every answer to the preceding allegations as if set forth at length herein.

24. The allegations of paragraph 24 set forth a legal conclusion to which no response is required. To the extent that the allegations set forth any factual allegations, they are denied.

25. The allegations of paragraph 26 set forth a legal conclusion to which no response is required. To the extent that the allegations set forth any factual allegations, they are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

## COUNT II

28. Defendant repeats and realleges each and every answer to the preceding allegations as if set forth at length herein.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

## COUNT III

31. Defendant repeats and realleges each and every answer to the preceding allegations as if set forth at length herein.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

## COUNT IV

35. Defendant repeats and realleges each and every answer to the preceding allegations as if set forth at length herein.

36. The allegations of paragraph 36 are admitted.

37. The allegations of paragraph 37 are admitted.

38. The allegations of paragraph 38 are denied.

## AFFIRMATIVE DEFENSES

1. Defendant provided debtor with reasonably equivalent value for the payments made by debtor to defendant.

2. Debtor was not insolvent at relevant times.

3. Defendant owed no duty to debtor's creditors.

4. The trustee lacks standing to assert some or all of the claims in the complaint.

5. Any transfer made to defendant was made in the ordinary course of debtor's business.

6. Any transfer made by debtor to defendant was made for value and in good faith.

7. Defendant gave fair consideration to the debtor on account of any transfer.

8. The complaint fails to state a claim upon which relief can be granted.

WHEREFORE, defendant demands judgment dismissing the complaint and awarding him attorneys' fees and costs of suit.

SHAPIRO, CROLAND, REISER
APFEL & DI IORIO, LLP

Dated: October 15, 2010          By: _____
                                      John P. Di Iorio

172857-1                                                            4